NESSLE and others *vs.* REESE and others.

Where the *gist* of an action was the alleged use by the defendants of a secret process of enameling, which R., one of them, had covenanted with the plaintiff not to divulge, and the exclusive right to use which, the plaintiffs claimed to have acquired from R. by purchase; it was *held* that there was no ground for the exercise of the equitable jurisdiction of the court, unless it was established that the defendants, some or one of them, were using the same secret process to which the covenants related, or that they threatened or intended to make the secret known, contrary to the stipulations of R.

Where there was no positive evidence that the process in question was used in the business carried on by the defendants; the only testimony on that point, produced by the plaintiff, being that of himself, detailing some circumstances observed by him in the defendants' shop, which tended in some degree to show that the process there used was the one in question, but came far short of establishing the fact; and the testimony of R. left it at least doubtful whether he used the process in question while in the employ of his co-defendant; *Held* that the refusal of the judge to find that such process was used in the defendants' business was not error; and that the testimony was not so clear and satisfactory as to warrant the court in finding the fact, contrary to the implied finding of the judge.

THE plaintiffs seek to enjoin the defendants from disclosing or using a certain secret process or method of compounding and applying porcelain enamel to iron and other wares. The secret was, on the 22d day of October, 1861, agreed to be, and on the 22d day of November, 1861, was, transferred by the defendant Reese and wife to Josiah Foster, jr. ; by Foster to J. B. Hubbard, April 28, 1864, and by Hubbard to two of the three plaintiffs, September 21, 1864. The Reeses covenanted and agreed, under a forfeiture of $5000, settled upon as liquidated damages, to be paid to Foster by them in each and every case of violation of the covenant (1) to keep the secret, and not in any way divulge it, and (2) not to perform the process.

On the trial, before Justice MILLER, at special term, the court dismissed the complaint, on the ground that the damages for the breach of the covenants in the agreements of October 22d and November 22d, 1861, were therein fixed

and liquidated between the parties thereto ; and that therefore the plaintiffs were not entitled to relief by injunction to restrain the breach of such covenants.

From this decision the plaintiffs appealed.

*John E. Burrill,* for the appellants. I. The court erred in its decision that because the damages were liquidated in the agreement between the original parties, the plaintiffs were not entitled to the remedy by injunction.

II. The objections which have been urged to the granting of equitable relief, and interference by injunction to restrain the disclosure or publication of secrets or matters of confidence, were considered in the cases cited below, where the court asserted and exercised jurisdiction. It makes no difference on what ground the jurisdiction has been placed ; the fact that the court will, under certain circumstances, exercise jurisdiction in this class of cases, shows that there is nothing in the nature of the interest or right sought to be protected which prevents a court of equity from interfering where circumstances warrant it. The objection on the part of the defendants is, that the court has no power, and that not having the power, it is inexpedient to exercise it. The fact that on the trial the defendants themselves proved that they were engaged in using the process or method in question, relieves this case from a circumstance which has sometimes unnecessarily embarrassed the court. (*Morison* v. *Moat,* 6 *Eng. Law and Eq.* 28. *S. C. on appeal,* 9 *id.* 182 ; 9 *Hare,* 241. *Green* v. *Folghamb,* 1 *Sim. & Stu.* 398. *Youatt* v. *Winyard,* 1 *Jac. & W.* 395.) In the first cited case the court disposed of the objection, that the exclusive method had not been patented, in these words : " What we have to deal with here is not the right of the plaintiffs against the world, but their right against the defendant." (*P.* 31.) See also *Barfield* v. *Nicolson,* (1 *Sim. & Stu.* 1,) which was decided on the ground of contract, and not of copyright. The cases in 2 *Merivale* and 3 *Merivale* are considered in *Youatt*

v. *Winyard*, (1 *Jac. & W.* 393.)   In 3 *Merivale* the refusal
to grant the injunction was put on the ground that the de-
fendant denied the charge in his affidavit.   The court said :
" If the defendant has disclosed the secret, the injunction
can be of no use.   If he threatens to disclose, then we must
look into his affidavit ; and by that he insists that what he
has to disclose is no secret."   In the case before the court,
the defendants admit that the process is a secret, and deny
that Reese has disclosed it to Hudler, but say that though
he keeps it to himself, he is using it for the benefit of Hud-
ler, and is employed for such purpose against the defendants.
(*P.* 31.)   The court below was with the plaintiffs in these
views of the law upon all the objections urged, except the
specific part mentioned in the opinion, viz : that the dam-
ages were liquidated.

III. The conceded insolvency of the parties to the con-
tract, showing that no adequate relief could be obtained by
an award of pecuniary damages, in connection with the other
circumstances in the case, entitled the plaintiffs to equitable
relief by injunction.   (*Clark* v. *Flint*, 22 *Pick.* 238.   *Win-
nepisseogee Co.* v. *Wooster*, 9 *Foster*, 449.)

IV. The principle upon which the court placed its deci-
sion, namely, that the damages were liquidated, has no appli-
cation to the case before the court, or, if applicable at all,
was not available to the defendants.   1. The defendant, Hud-
ler, was not a party to the agreements in question, and no
action could have been maintained against him on the agree-
ments or covenants referred to.   In other words, there was
no contract on his part, and no action at law *ex contractu*
lay against him.   2. The plaintiffs were not parties to the
agreements which were made between Reese and wife, on the
one hand, and Foster on the other, and the agreement in
respect to liquidated damages was with Foster, and not with
his assigns, and was not available to the plaintiffs.   3. All
which the assignee of Foster could recover under the agree-
ment, would be the damages which Foster had sustained by

a breach of it during the time he, Foster, remained proprietor of the secret, and before he transferred. 4. The plaintiffs have no remedy against Reese and wife on the agreements in question, for a breach of the covenants therein contained, nor have they any remedy on contract against Hudler, but their sole remedy is by a proceeding in equity.

V. The ground upon which the judgment of the court below was put is untenable, and the judgment should be reversed.

*Elial F. Hall,* for the respondents. I. This is a case of liquidated damages, and not of a penalty. (*Cotheal* v. *Talmage,* 5 *Selden,* 551. *Bagley* v. *Peddie,* 16 *N. Y. Rep.* 469. *Clement* v. *Cash,* 21 *id.* 253. *Staples* v. *Parker,* 41 *Barb.* 650. *Fletcher* v. *Dyche,* 2 *Term Rep.* 32. *Cheddick's executor* v. *Marsh,* 1 *Zabriskie Rep.* 463.)

II. We have not been able to find a case in which a court of equity has interfered either by injunction or by a decree for specific performance to prevent the breach of an agreement, in case of which breach the promissor has agreed to pay a specific sum by way of liquidated damages. The following cases are directly the other way: *Woodward* v. *Gyles,* 2 *Vern.* 119 ; *Sainter* v. *Ferguson,* 1 *Macnaughten & Gordon,* 287 ; *Carnes* v. *Nisbett,* 1 *Hurlstone & Norman,* 778. *Vincent* v. *King,* 13 *How. Pr.* 234 ; *Barnes* v. *McAllister,* 18 *id.* 534 ; *Nessle* v. *Reese,* 29 *id.* 382 ; *See also Rolfe* v. *Peterson,* 2 *Brown's Cases in Parliament,* 436 ; *Sloman* v. *Walter,* 1 *Brown's Ch. Rep.* 418 ; *Carden* v. *Butler, Hays & Jones' Irish Exchequer Rep.* 112 ; *Fox* v. *Scard,* 33 *Beavan,* 327, and remarks of *Lord Mansfield,* in *Lowe* v. *Peers,* 4 *Burrow,* 2228. The case of *Morison* v. *Moat,* (6 *English Law and Eq. Rep.* 14,) is not in point. There the liquidated damages and the injunction applied to two different things. The covenant was, not to communicate the secret, but the injunction was, not to use it. It restrained the defendant from making or compounding any medicines according to the

secret. It appears from the last page of Vice-Chancellor Turner's opinion, (*page* 36,) that there was no allegation in the bill of any intention to communicate the secret. Why did the solicitor who drew the bill, omit an allegation of such vast importance to his client ? Obviously because he foresaw that if he pleaded as a ground for relief in equity, the intended or threatened breach of a covenant, the breach of which had been provided against by an express agreement to pay liquidated damages, he would be turned out of court.

III. Nor are the plaintiffs any better off in a court of equity for that the defendants Reese "have no property and are irresponsible." Three judges of this court have decided this precise point : Judge BALCOM, in *Vincent* v. *King*, (13 *How.* 234 ;) Judge MILLER, in the case at bar at special term, and Judge BARNARD, also in the case at bar, on the motion at chambers for an injunction, which he denied, stating, in his memorandum indorsed on the papers, that the plaintiffs must sue on the bond. Mr. Fry expressly repudiates the principle contended for by the plaintiffs, and says : " It is evident that this principle applies to all damages, and if it were admitted, would give the court jurisdiction in all cases of contract, whether for the sale of chattels, or of any nature, which certainly is not the law of the court." (*Fry on Specific Performances, p.* 8, § 19, *page* 50, *Am. ed.*)

IV. At common law there is no such thing as property in a secret. It cannot be parted with. After a transfer, it still remains in the possession of him who has communicated it, as much as before. (*Dudley* v. *Mayhew*, 3 *Comst.* 9. *Deming* v. *Chapman*, 11 *How. Pr.* 382. *Comstock* v. *Moore*, 18 *id.* 421.) There are practical difficulties in this case, the same as those which induced Mr. Justice LEONARD to dissolve the injunction in *Barnes* v. *McAllister*, (18 *How. Pr.* 534.) 1st. It appears, from the cross-examination of Nessle, that other firms in New York and Philadelphia are enameling iron by the same process, at least so far as he could judge. 2d. The court found, *sixthly*, that the said process was first

communicated to Hubbard, not by Foster, his assignor, but by one Crompton. This, then, is no longer a secret. (*See Williams* v. *Williams, 3 Merivale,* 160.)

V. The court at special term found that the defendant Hudler, was carrying on the iron enameling business, and that the defendant Henry Reese was working in his employ-ment, but refused to find that this business was conducted "according to the said secret process and method." There was a failure of proof as to identity. On the part of the plaintiffs there was no evidence to establish it. Reese on his *cross-examination,* speaking of himself and Hubbard, said : "*we made a new discovery ; the new discovery is my own secret ;*" and then he goes on, speaking of being in Hudler's employ, and of using this new secret—his own secret, and not the one in question in this action, which several years before he had transferred to Foster. Again, the evidence failed to show as the plaintiffs claim, that Hudler combined and con-spired with Reese to evade the performance of the agreement between the Reeses and Foster. The court found that he had notice and knowledge of this agreement. There was no proof of this, except the explicit admission of Hudler in his answer. His answer then must be taken as a whole, and we must assume that he honestly believed what he there states, to the effect that Reese had become rightfully re-possessed of the right to use the secret in consequence of Foster's failure to pay for the iron patterns sold to him. The court did not find, and there was not a particle of proof that Hudler knew any thing about the claims of these plaintiffs to such a secret, before the commencement of this action. The charge of fraud and bad faith against him therefore fails.

And if then, an injunction would not be issued against Reese, who if anybody besides the plaintiffs, is the party principally at fault, then of course it could not be issued against Hudler, who at the most, is only an accessory. If the court would enjoin those who employ Reese, then it would enjoin those whom Reese employs, and in fact all who do

business with him. But it will not thus do by indirection, what it cannot do directly. It will not by circumvention evade and override the express agreement of the parties, which fixed and limited the remedy, in case of breach, to the recovery of a specific sum by way of liquidated damages, in a court of law.

*By the Court,* JAMES C. SMITH, J. This case was argued by the counsel for the appellants principally upon the ground that the judge who tried the cause erred in holding that the plaintiffs are not entitled to relief by injunction against the breach of the covenants of the defendants. Reese, for the reason that the damages for the breach of those covenants are fixed and liquidated by the terms of the agreement.

In the view which I take of the case it is unnecessary to consider the proposition above stated, for even if we should concur in it, the plaintiffs would not be entitled to a reversal of the judgment, upon the facts found by the judge.

The *gist* of the action is the alleged use by the defendants of the secret process of enamelling which Reese covenanted not to use or divulge, and the exclusive right to use which, the plaintiffs claim to have acquired from Reese by purchase. Unless it is established that the defendants, some or one of them, are using the same secret process to which the covenants relate, or that they threaten or intend to make the secret known, contrary to the stipulations of Reese, there is no ground whatever for the exercise of the equitable jurisdiction of this court. Neither of these facts is found by the judge who decided the case. The nearest approach to them is the finding that the defendant Hudler has been and is carrying on the iron enamelling business in the city of New York, and that the defendant Henry Reese is working in the employment of said Hudler, in said business.

It appears by the case, that on the trial, the plaintiffs requested the judge to find that the defendants conspired to violate the provisions of the agreement referred to, and in pursuance of such conspiracy have been and still are engaged

in the business of mixing and applying porcelain enamel to hollow and other iron wares according to the said secret process and method, and that the knowledge of Reese and his wife in regard to said secret process is used in and about said business, but the judge refused to find in accordance with such request. The plaintiffs' counsel excepted to the refusal, and this raises the puestion whether the refusal was erroneous ; or, in other words, as the refusal is equivalent to a finding against the plaintiffs upon the point involved in the request, the question is whether such finding is unsupported by the evidence, or is against the weight of evidence. On looking into the case, it will be seen that there is no positive evidence that the process in question was used in the business carried on by Hudler. The only testimony on that point, produced by the plaintiff before he rested, was that of the plaintiff himself, who stated some circumstances observed by him in Hudler's shop, which tended in some degree to show that the process there used was the one in question, but they came far short of establishing the fact. The plaintiff himself summed up his testimony on the point, by saying, "I should judge from the appearance it must be the same thing. I can't swear that they enamel according to this same method—but they look precisely as ours." The only additional testimony upon the point was elicited from the defendant Reese, on his cross-examination by the plaintiff. He testified that when he worked for Hubbard in 1863, after the agrreements were made under which the plaintiffs claim, he did the mixing for the enameling there ; that he did not do it according to the way he did before they made a new discovery—and the new discovery was his own secret. He then stated that he afterwards went to work for Hudler and attended to the enameling for him ; but it is at least doubtful from his testimony whether he there used the process in question, or the process which he discovered while in Hudler's employ. Upon this state of the testimony, the judge would have been justified in find-

ing that the process in question was not used in Hudler's business, and it follows that his refusal to find the reverse of that, was not error. The testimony is not so clear and satisfactory as to warrant us in finding the fact contrary to the implied finding of the judge before whom the cause was tried.

. These views render it unnecessary to examine any of the other questions discussed on the argument, and lead to an affirmance of the judgment.

[NEW YORK GENERAL TERM, April 3, 1867. *Leonard, Ingraham* and *James C. Smith,* Justices.]